Abraham N. Geller, J.
Defendant has been indicted for the crime of contempt of court in violation of subdivision 6 of section 600 of the Penal Law for contumacious refusal to answer legal and proper interrogatories before a Grand Jury conducting an investigation against “ John Doe et al ” to determine whether the crimes of conspiracy to bribe public officers and bribery had been committed in connection with the operations of the Department of Buildings of the City of New York.
Defendant, Acting Chief Inspector of the Department, was served with a Grand Jury subpoena. He appeared and signed a waiver of immunity and was questioned in the District Attorney’s office but did not testify before the Grand Jury until about three weeks later. After giving some testimony he expressed inability to remember certain conversations with a subordinate apparently responsible for records taken contrary to regulations from the office, and after due notification and warning he was indicted for contempt.
Defendant now moves to dismiss the indictment on the following grounds: (1) That he was not advised of his constitutional right to counsel prior to being requested to sign the waiver of immunity; (2) that he was not advised of such right to consult counsel when “ threatened ” before the Grand Jury with an indictment for contempt; (3) that as a prospective defendant or a target of the investigation his constitutional privilege against self incrimination was violated by his being called and examined before the Grand Jury; (4) that the indictment fails to allege intent to commit the act charged as contempt of court.
With regard to the contention that defendant should have been advised of his right to counsel at the time of his execution of the waiver of immunity and at the time of notification as to his being subject to a charge of contempt, defendant cites no direct authority. On neither occasion did he request the opportunity to consult with counsel although such consultation could have been had after service of the subpoena and during the appreciable period of time intervening between the signing of the waiver and his appearance before the Grand Jury.
He relies upon the constitutional and statutory right of a defendant to the assistance of counsel at every stage of a criminal cause, and also cites such cases as People v. Haines (1 N. Y. S. 55), where the Grand Jury was investigating a specific charge of grand larceny against the defendant; and People v. Swanson (18 A D 2d 832), where defendant was induced to sign a waiver of immunity and testify before the *738 Grand Jury though he was then in custody after an arraignment at which he had been represented by retained counsel.
Although defendant was one of the possible targets of the investigation being conducted by the Grand Jury, no specific charge of any kind had been made against him. He did appear in response to a subpoena but executed a waiver of immunity.
Express provision for a waiver of immunity by a public officer with respect to the performance of his official duties, with a penalty clause for refusal to sign, is contained in the very section of the State Constitution that provides that no person shall be compelled in any criminal case to be a witness against himself (art. I, § 6).
Defendant does not claim that he was denied the right to consult with counsel but merely that he was not informed of such right when asked to sign the waiver. Under such circumstances no obligation should be imposed upon a District Attorney to advise a possible target of a Grand Jury investigation into the operations of a public office of his right to consult with counsel when the District Attorney requests him to sign a waiver of immunity pursuant to the constitutional provision.
Nor was there any such duty when the matter of defendant’s refusal to testify arose in the course of his appearance before the Grand Jury. He was then testifying voluntarily under the waiver.
With regard to the contention that defendant’s constitutional privilege against self incrimination was violated, People v. Steuding (6 N Y 2d 214) and People v. Laino (10 N Y 2d 161), which held that a target of a criminal investigation is entitled to a dismissal of any indictment returned by the Grand Jury before which he is called and testifies even though he does not raise the privilege, are clearly distinguishable. Those defendants had not signed a waiver of immunity prior to giving their testimony and were therefore held to be testifying under a form of legal compulsion. Here defendant had waived his privilege against self incrimination and was testifying voluntarily under the waiver, not compulsorily pursuant to subpoena.
With regard to the final contention as to failure to allege intent, defendant cites the recent decision in People v. Post Std. Co. (13 N Y 2d 185) that an indictment charging contempt of court under subdivision 7 of section 600 of the Penal Law, for falsely publishing an alleged statement made in a judicial proceeding must allege an intent to make a false or grossly inaccurate publication or to deny the dignity or authority of the court. It was there pointed out that mere errors in reporting, where no willfulness is alleged, cannot be the basis for *739 a charge of criminal contempt. It is clear that that decision can have no applicability to a charge of contempt under subdivision 6 for contumacious refusal to be sworn as a witness or, after being sworn, to answer any legal and proper interrogatory. It will be the burden of the prosecution to prove the elements of a contumacious refusal, such as defendant’s having been informed of the nature and purpose of the investigation and of his testimony, but there is no requirement for pleading or proving intent as such.
The motion is accordingly denied in all respects.