Abraham N. Geller, J.
The letter of defendant’s attorney dated January 31, 1964 is treated as an application for reargument. [See 41 Misc 2d 736.]
The sole contention presently raised is with respect to the final ground urged by defendant in his motion to dismiss the indictment, that the indictment was defective for failure to allege intent on the part of defendant to commit the crime of criminal contempt or to defy the dignity and authority of the court.
Defendant argues that People v. Post Std. Co. (13 N Y 2d 185) is applicable to any criminal contempt. It was there held that it was necessary to plead intent in an indictment charging criminal contempt under subdivision 7 of section 600 of the Penal Law, for making a false or grossly inaccurate publication of court proceedings. The majority held that a newspaper may not be indicted for criminal contempt for, what may be, mere error in reporting.
In maintaining that such requirement is likewise applicable to contempts under subdivision 6, here involved, for contu *740 macious and unlawful refusal, after being sworn, to answer any legal and proper interrogatory, defendant refers to the language in the majority opinion (p. 190) that “ the principle involved would appear to apply to all criminal contempts ”, whether under the Judiciary Law or the Penal Law (emphasis added).
The cases cited in that opinion (p. 190) do not support defendant’s argument that intent as such must be pleaded in every indictment charging criminal contempt. They simply affirm the principle that a person shall not be found guilty of a criminal contempt unless an element of willfulness has entered into and characterized the act constituting the alleged contempt, that there must be some “ indication of that intent to defy the dignity and authority of the court which is a necessary element of a criminal contempt ” (People ex rel. Bernstein v. La Fetra, 171 App. Div. 269, 275, affd. 219 N. Y. 591).
An indictment charging a defendant with ‘ ‘ contumacious and unlawful refusal,” to answer legal and proper questions in a court proceeding and setting forth the facts supporting that charge is sufficient as a pleading. The word “ contumacious ” is taken from the statute and connotes the necessary intent.
Here the charge is of a contempt committed in the course of a court proceeding. It is quite different from a charge involving an alleged contempt committed out of court, such as publication by a newspaper of an allegedly false or grossly inaccurate report of court proceedings, which, as the majority in Post Standard pointed out, may be merely an inadvertent error in reporting.
It will, of course, still be necessary at the trial of this action that the triers of the facts find from the evidence presented an element of willfulness or an indication of intent to defy the authority of the court before defendant may be determined to be guilty of the charge.
Application for reargument is denied.